John J. Higson (I.D. No. 80720)
Harold G. Cohen, Esquire (*pro hac vice* forthcoming)
Jack Small, Esquire (I.D. No. 330788)
**DILWORTH PAXSON LLP**
1650 Market Street, Suite 1200
Philadelphia, PA  19103
hcohen@dilworthlaw.com
856-675-1900
*Attorneys for Plaintiff, Citizens Bank*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| CITIZENS BANK, N.A., | : | No. |
|  Plaintiff, | : |  |
|  | : |  |
|  v. | : |  |
|  | : |  |
| SCHWAB ROAD BSD, LLC, | : |  |
|  | : |  |
|  | : |  |
|  Defendant. | : |  |

## COMPLAINT

Plaintiff Citizens Bank, N.A. ("**Citizens Bank**" or "**Plaintiff**"), successor by merger to

Investors Bank, by its undersigned counsel, states as follows against Defendant Schwab Road

BSD, LLC ("**Defendant**" or "**Borrower**").

### Introduction and Diversity Jurisdiction

1.      This is a civil action over which this Court has original jurisdiction pursuant to 28

U.S.C. § 1332.

2.      Pursuant to 28 U.S.C. § 1348, a national bank is a citizen of the state in which it is

located.  In *Wachovia Bank v. Schmidt*, 546 U.S. 303 (2006), the Supreme Court explained that a

national bank is a citizen of the state in which its main office is located.

#125680339v2

3. Citizens Bank is a national bank organized under federal law with its main office in Providence, Rhode Island.

4. Defendant is a Pennsylvania limited liability company and has the citizenship of its members. *See Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010).

5. Borrower maintains its principal office at 1274 49th Street, Suite 302, Brooklyn, New York 11219.

6. The controlling manager of Borrower is Yechiel R. Rivlin, a resident of the State of New Jersey.

7. The members of Defendant are: ABS Schwab Rd LLC, a New York limited liability company; ABS RR PA LLC, a New York limited liability company; TZA Equities LLC, a New York limited liability company; B and T Capital LLC, a New York limited liability company; FF BSD LLC, a New York limited liability company; and ABS GG LLC, a New Jersey limited liability company.

8. The member of ABS Schwab Rd LLC, Yechiel Rivlin ("**Rivlin**") is a citizen of New Jersey and is thus diverse from Citizens Bank for purposes of diversity jurisdiction.

9. The member of ABS RR PA LLC, Rivlin, is a citizen of New Jersey and is thus diverse from Citizens Bank for purposes of diversity jurisdiction.

10. The member of TZA Equities LLC, Rivka Ashkenazi, is a citizen of New York and is thus diverse from Citizens Bank for purposes of diversity jurisdiction.

11. The member of B and T Capital LLC, Bernard Tyrnauer, is a citizen of New York and is thus diverse from Citizens Bank for purposes of diversity jurisdiction.

12. The member of FF BSD LLC, Marc Friedman, is a citizen of New York and is thus diverse from Citizens Bank for purposes of diversity jurisdiction.

2

13.     The members of ABS GG LLC have citizenship as follows:

a.  Rivlin is a citizen of New Jersey and is thus diverse from Citizens Bank for purposes of diversity jurisdiction.

b.  Bezalel Gombo is a citizen of New Jersey and is thus diverse from Citizens Bank for purposes of diversity jurisdiction.

14.     Thus, for purposes of diversity jurisdiction, Defendant is a citizen of New York and New Jersey and, upon Citizens Bank's best information and belief, not a citizen of Rhode Island.[1]

15.     Accordingly, upon Citizens Bank's best information and belief, there is complete diversity between Citizens Bank and Defendant.

16.     The amount in controversy exceeds the sum of $75,000.00.

17.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because the property that is the subject of this Action is situated in this district and Borrower is a Pennsylvania limited liability company.

**The Loan Transaction**

18.     On or about December 10, 2020, Investors Bank ("**Lender**") made a commercial mortgage loan to Defendant in the amount of $19,000,000.00 (the "**Loan**").

19.     In connection with the Loan, Lender and Defendant executed that certain Loan Agreement dated December 10, 2020 (as at any time modified, the "**Loan Agreement**").  A true and correct copy of the Loan Agreement is attached hereto as **Exhibit A**.

---

[1] Citizens Bank has made a good-faith and reasonable inquiry as to Defendant's citizenship, and Citizens Bank's best information and belief is that none of Defendant's ultimate owners are citizens of Rhode Island.  Out of respect for the integrity of this Court's jurisdiction, to the extent the Court so desires or orders, or to the extent that Defendant contests the issue of complete diversity, Citizens Bank is willing to engage in limited discovery regarding the citizenship of Defendant's members. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 102 (3d Cir. 2015); *First Invs. Nevada Realty, LLC v. EIS, Inc.*, 536 F.Supp.3d 9, 11-12 (E.D. Pa. 2021)

#125680339v2

20.     In connection with the Loan, Defendant signed and delivered to Lender that certain Promissory Note dated as of December 10, 2020 (as at any time modified, the "**Note**").  A true and correct copy of the Note is attached hereto as **Exhibit B**.

21.     In connection with the Loan, Defendant signed and delivered to Lender that certain Absolute Assignment of Rents and Leases dated to be effective as of December 10, 2020 (as at any time modified, the "**Assignment**"), by which, among other things, Defendant assigned to Lender the leases and rents derived from the mortgaged premises.  A true and correct copy of the Assignment is attached hereto as **Exhibit C**.

22.     In connection with the Loan, Defendant signed and delivered to Lender Bank that certain Open End Mortgage and Security Agreement dated to be effective as of December 10, 2020 (as at any time modified, the "**Mortgage**"), which encumbers certain real property, and improvements thereon, located in the Township of Hatfield, County of Montgomery, and Commonwealth of Pennsylvania and legally described as follows:

4

#125680339v2

ALL THAT CERTAIN lot or tract of land with the buildings and improvements thereon erected, Situate in the Township of Hatfield, County of Montgomery and Commonwealth of Pennsylvania, bounded and described according to a Master Development Plan prepared for Jet/Plastica Industries, Inc., dated April 10, 1986 as last revised February 10, 1987 by Herbert H. Metz, Inc., Civil Engineers and Surveyors, Lansdale, Pennsylvania, and being more fully described as follows:

BEGINNING at a point on the Southwest side right-of-way line of Schwab Road (as widened to 30 feet from the centerline thereof along said tract) and in line of lands now or late of John J. and Mary M. Jobeck, said beginning point being located the following two (2) courses from a point of intersection of the centerline of Schwab Road with the centerline of Orvilla Road (Pa L.R. 46046); (1) Southeastwardly 1,267.1 feet, more or less, along the centerline of said Schwab Road to a point, (2) leaving said road, centerline and extending South 55 degrees 40 minutes 40 seconds West, 30.05 feet to a point on the aforesaid widened Southwest side right-of-way line of Schwab Road, thence extending along said Southwest right-of-way line of Schwab Road, thence extending along said Southwest right-of-way line of Schwab Road, South 37 degrees 31 minutes 00 seconds East, 922.31 feet to a point, a corner in line of lands of the Township of Hatfield, thence , extending along said Hatfield Township land, the following five (5) courses; (1) South 52 degrees 29 minutes 00 seconds West 65.00 feet to a point; (2) South 33 degrees 00 minutes 00 seconds West 185.00 feet to a point (3) South 24 degrees 46 minutes 25 seconds West 122.66 feet to a point; (4) South 45 degrees 58 minutes 59 seconds West, 205.01 feet to a point (5) South 69 degrees 07 minutes 41 seconds West, 353.25 feet to a point in line of land of Monroe R. and Helene Krauss; thence extending along said Krauss land, North 37 degrees 03 minutes 10 seconds West, 490.38 feet to an iron pin, a corner, in line of North Pennsylvania Railroad (Conrail) thence extending along said lands, North 04 degrees 21 minutes 38 seconds West 601.79 feet to an iron pin, a corner in line of land of Robert H. Elliot, Jr. thence extending along said Elliot land and land of John J. and Mary M. Jobeck, aforesaid North 55 degrees 40 minutes 40 seconds East, 557.91 feet to a point on the aforesaid widened Southwest side right-of-way line of Schwab Road, the aforesaid point and place of beginning.

CONTAINING 18.982 acres of land, be the same more or less.

Being the same premises which Federal Deposit Insurance Corporation as Receiver of New Bank of New England, N.A. by Deed dated "5-3-1994 and recorded 5-9-1994 in Montgomery County in Deed Book 5077 Page 31 conveyed unto May 12 Realty L.P., in fee.

Being the same premises which May 12 Realty L.P. by Deed dated 11-8-2018 and recorded 11-28-2018 in Montgomery County in Deed Book 6116 Page 1202 conveyed unto Schwab Road BSD LLC, in fee.

The premises encumbered by the Mortgage is hereinafter referenced as the "**Premises**."

23.    The Mortgage also encumbers certain personal property of Defendant used in connection with conducting business at the premises. The real and personal property describes as collateral in the Mortgage is sometimes hereinafter referenced collectively as the "**Property**."

24.    The Mortgage was recorded with the Recorder of Deeds of Montgomery County, Pennsylvania on March 5, 2021 as Instrument # 2021024923. A true and correct copy of the Mortgage, as recorded, is attached hereto as **Exhibit D**.

25.    The Loan Agreement, Note, Assignment, Mortgage, and all other documents further evidencing, securing, or executed in connection with the indebtedness under the Loan are collectively referenced herein as the "**Loan Documents**."

#125680339v2

26.    On or about April 7, 2022, Citizens Bank merged with Lender.

27.    Accordingly, Citizens Bank, as successor by merger to Lender, is the current owner and holder of the Note, Mortgage and all other Loan Documents and is entitled to assert all of the rights and remedies of the Lender.

### Defendant's Default under the Loan Documents

28.    Defendant failed to make the scheduled payments of principal, interest, and real estate tax escrow for the months of December 2025 and January, February, March, April, May and June 2026, each of which constitutes an Event of Default (as defined in the Loan Agreement) under the Loan Documents.

29.    Defendant further failed to maintain for 2025 a DSCR of 1:1, which constitutes an Event of Default (as defined in the Loan Agreement) under the Loan Documents.

30.    By letter dated April 1, 2026, Citizens Bank provided written notice to Defendant of Defendant's defaults under the Loan Documents.  A true and correct copy of the April 1 letter is attached hereto as **Exhibit E**. Defendant has not cured the defaults and has acknowledged its inability to do so.

31.    Upon an Event of Default, the Loan Documents provide that interest on the principal balance of the loan accrues at the default rate and that Defendant shall be liable for all costs incurred for collecting, securing, or attempting to collect or secure any amounts due under the Loan Documents, including reasonable attorneys' fees and other costs and expenses incurred by Citizens Bank.

32.    As of June 24, 2026, the following amounts were due and owing to Citizens Bank under the Loan Documents:

   a.   Principal balance: $17,164,527.84;

#125680339v2

    b.   Interest: $582,095.54;

    c.   Late fees: $29,611.10;

    d.   Attorneys' fees and expenses incurred by Citizens Bank through May 31, 2026: $23,909.52;

    e.   All further accruing interest and other fees; and

    f.   Any and all attorneys' fees and costs incurred by Citizens Bank, both to date and hereafter, in connection with the collection of the amounts due and owning under the Loan Documents.

### **Right to Foreclose**

33.    Under Section 18(b) of the Mortgage, upon an Event of Default, Citizens Bank is entitled to institute an action of mortgage foreclosure against the Property.

34.    Accordingly, as a result of Defendant's defaults under the Loan Documents, Citizens Bank is entitled to an Order from the Court that the Mortgage be foreclosed.

35.    Under Section 18(c) of the Mortgage, upon an Event of Default, Citizens Bank may enter upon and take possession of the Premises, and operate, rent, sell or lease the Premises.

36.    Under Section 18(e) of the Mortgage, upon an Event of Default, Citizens Bank may collect and receive all income and rents from the Premises.

37.    Accordingly, as a result of Defendant's defaults under the Loan Documents, Citizens Bank is entitled to an order directing all income and rents from the Property be remitted to Citizens Bank to the exclusion of Defendant, in accordance with the terms of the Loan Documents.

38.    Citizens Bank reserves any and all collection or other rights to the extent authorized by the Loan Documents against any person or entity in association with the Loan, or the Premises,

#125680339v2

including its right to collect a deficiency judgment, to proceed against any guarantor, and to otherwise enforce recourse liabilities of Defendant or any guarantor to the extent provided in the Loan Documents.

### Count I – Foreclosure

39.    Citizens Bank incorporates by reference the allegations set forth in each preceding paragraph as though fully set forth herein.

40.    Defendant is in default under the terms of the Loan Documents, including the Mortgage.

41.    As a result of Defendant's default, under the Mortgage and applicable law, Citizens Bank is entitled to immediate possession of the Premises and to an order directing foreclosure of Defendant's interest therein.

42.    The interest of Citizens Bank in the Premises is prior and superior to the interest of Defendant.

43.    Citizens Bank is entitled to an order directing all income and rents from the Premises to be remitted to Citizens Bank in accordance with the terms of the Mortgage and that any such amounts be used to reduce the indebtedness secured by the Mortgage and owed to Citizens Bank.

44.    Citizens Bank reserves the right to initiate an action, while the within action is pending, against any guarantor or other person or entity liable for all or any portion of the indebtedness described above.

WHEREFORE, Citizens Bank respectfully request the Court enter judgment in favor of Citizens Bank and against Defendant on Count I of the Complaint for foreclosure of the Premises as follows:

a. Recognizing Citizens Bank's Mortgage;

b. Declaring that Citizens Bank has a valid and first-priority lien on the Premises;

c. Ordering that Citizens Bank has the legal right, and is authorized, to foreclose on the Premises:

   i. in separate parcels or in a single parcel, whichever will in Citizens Bank's discretion maximize the value of the Premises;

   ii. subject to zoning restrictions and ordinances adopted by any municipality or other governmental authority, and violations thereof;

   iii. subject to any state of facts that an accurate survey would show;

   iv. subject to covenants and restrictions of record, if any; and

   v. subject to violations, if any, noted by any federal, state, city, town, or village agency having authority over the Premises;

d. Declaring that such foreclosure will vest in the purchaser(s) free and clear title to the Premises, including free of any and all interests that are or might be asserted by the Defendant to this Complaint;

e. Ordering that Citizens Bank has the right to credit bid at such foreclosure sale all or any portion of the indebtedness;

f. Ordering and directing that the United States Marshal or any receiver or referee appointed in this action foreclose the Premises and deliver title to the prevailing bidder via a Marshal's Deed or other deed and/or bill of sale, as appropriate;

g. Ordering and directing that the proceeds of the sale be applied as follows:

   i. to the payment of the expenses of the sale;

   ii. to the payment of the Indebtedness owed to Citizens Bank;

9

iii. to the payment of foreclosure costs and other accrued costs in connection with the foreclosure;

iv. to the payment, at Citizens Bank's option, of any real property taxes that may be due and unpaid in connection with the Premises;

v. to the payment, at Citizens Bank's option, of all other assessments against or attributable to the Premises; and

vi. the surplus, if any, to the payment of debts secured by junior liens on the Premises and then, to Defendant, in accordance with further order of the Court;

h. Ordering that Defendant has no right of redemption or reinstatement with respect to the Premises;

i. Finding that Citizens Bank has reserved its right to collect a deficiency judgment and any and all collection or other rights to the extent authorized by the Loan Documents against any person or entity in association with the Loan, or the Property, including its right to collect a deficiency judgment, to proceed against any guarantor, and to otherwise enforce recourse liabilities of Defendant or any guarantor to the extent provided in the Loan Documents, and

j. Ordering all further relief that is just, proper, and equitable.

10

**DILWORTH PAXSON LLP**

/s/ John J. Higson
John J. Higson (I.D. No. 80720)
Harold G. Cohen, Esquire (*pro hac vice* forthcoming)
Jack Small, Esquire (I.D. No. 330788)
1650 Market Street, Suite 1200
Philadelphia, PA  19103
(215) 575-7000
*Attorneys for Plaintiff, Citizens Bank*

Dated: June 29, 2026

11

#125680339v2